Curtis PERKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 47780.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Rehearing Denied Feb. 13, 1974.

Victor R. Blaine, Houston, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On November 2, 1970, appellant pleaded guilty before the court to the offense of forgery. Punishment was assessed at five (5) years, but the imposition of sentence was suspended and appellant was granted probation.

Included in the State's motion to revoke probation, filed on April 2, 1973, is the allegation that appellant violated his probation in the following respect:

"That the terms and conditions of said probation, among other things, provided that No. Eight (8) the defendant shall 'report in person or by letter to the Sheriff of this County on or within ten (10) days before the first Monday in each month and of each year hereafter during the period of this probation, giving said Sheriff, his address, marital status, employment he is engaged in, and name and address of his employer, if any' and that said defendant, Curtis Perkins, has failed to comply with Condition No. (8) in that he has not reported in person or by letter to the Sheriff on or within ten (10) days before the first Monday in each month and of each year during the period of this probation, giving said Sheriff, his address, marital status, employment he is engaged in, and name and address of his employer, if any."

Appellant contends that the court did not admonish him in accordance with Article 26.13, Vernon's Ann.C.C.P., prior to accepting his plea of guilty to the indictment in the primary offense.

While the general rule is that failure to appeal when placed on probation waives the right of review,[1] this court, in

1. Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825 (opinion on appellant's motion for rehearing); Brooks v. State, Tex.Cr.App., 459 S.W.2d 640; Hungerford v. State, 474

the recent case of Martinez v. State, Tex. Cr.App., 494 S.W.2d 545, held that the failure to comply with Article 26.13, V.A.C. C.P., would be considered on appeal from an order revoking probation[2] since the question could be raised at any time. See Ex parte Chavez, Tex.Cr.App., 482 S.W.2d 175; Ex parte Marshall, Tex.Cr.App., 479 S.W.2d 921; Ex parte Battenfield, Tex. Cr.App., 466 S.W.2d 569. The court, speaking through Judge Morrison in *Martinez*, adopted the rationale of Ramirez v. State, Tex.Cr.App., 486 S.W.2d 373, where the following was stated in an appeal from an order revoking probation:

". . . collateral attacks are not permitted on the original conviction upon which probation has been revoked, but in the present case it has been shown that under the decisions of the United States Supreme Court the appellant was denied the right to counsel. To require a separate habeas corpus proceeding to attack such a conviction would be to require a useless thing."

■ We hold that where the record from the trial in the primary offense is in the appellate record before us, the failure to comply with the mandatory requirements of Article 26.13, V.A.C.C.P., may be raised upon appeal from the order revoking probation. To hold otherwise "would be to require a useless thing."

■ After reviewing the admonishment by the court at the time of appellant's plea of guilty to the primary offense, we reject appellant's contention that Article 26.13, V.A.C.C.P., was violated.

The court admonished the appellant as to the range of punishment applicable to the offense charged, determined that the plea was entered of the appellant's own free will and accord, that no form of clemency had been promised, that the plea was not being entered as a result of force, threats or any type of promises. While the admonishment did not use the exact language of the statute and is no model, we find that there was compliance with the statute.

During his trial the appellant took the stand and made a judicial confession. During his interrogation on both direct and cross-examination, the appellant was asked concerning the requirements of Article 26.13, supra, and gave the same answers and further denied he had been induced to enter a plea of guilty.

The judgment subsequently entered and signed by the judge finds that "the said Defendant was admonished by the court of the consequences of his plea, and the said Defendant persisted in his plea; and it plainly appearing to the court that the Defendant is sane and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him" to confess his guilt.

No error is shown.

Appellant contends the court erred in passing the hearing on the State's motion to revoke from March 9, 1973, to April 16, 1973, over appellant's objection that such action denied him of his right to a speedy trial.

At the hearing on March 9, the court noted that appellant's exceptions to the State's motion were filed on that date. The State voiced a desire to amend and appellant urged that any amendment be made ten days before hearing. The court then stated "it's a question of when we can get back to trial" and set the revocation hearing for April 16.

■ There is no constitutional basis for holding that the right to speedy trial can be quantified into a specific number of days or months. Barker v. Wingo, 407 U. S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101

S.W.2d 242 and cases there cited; Patterson v. State, 487 S.W.2d 737. See also Vale v. State, Tex.Cr.App., 486 S.W.2d 370.

2. Wise v. State, Tex.Cr.App., 477 S.W.2d 578, holding to the contrary, was in effect overruled sub silentio.

(1972). See Haas v. State, Tex.Cr.App., 498 S.W.2d 206. In addition to length of delay, this court has applied a "balancing test" in which the conduct of the prosecution and the defense are weighed. McCarty v. State, Tex.Cr.App., 498 S.W.2d 212; Haas v. State, supra.

■ Appellant does not contend that the delay denied him access to witnesses or in any way prejudiced his defense to the State's motion. Appellant's only claim of prejudice is that he had to remain in jail during the period of delay.

While the court did not elaborate, it does appear from the trial judge's remarks that some problem was presented in getting an early setting for the hearing.

Considering the time of delay, the reason for the delay and the lack of prejudice to appellant resulting therefrom, we cannot say the court abused its discretion on March 9 in continuing the hearing until April 16.

■ The State urged violations of numerous conditions of probation in its motion to revoke. Appellant's contentions are directed to all of the State's allegations. Since the only issue on appeal from revocation of probation is whether the trial court abused its discretion in revoking the probation,[3] we look only to the contentions which are addressed to the violation which we find to sustain the trial court's action in revoking probation.

Prior to the hearing, appellant presented to the court in writing his exceptions to the State's motion to revoke. Appellant contends that the court was in error in overruling his exceptions. The exception germane to our discussion is the one which pointed out that the allegations in the State's motion do not point out any "specific time or times he has failed to report."

In Kuenstler v. State, Tex.Cr.App., 486 S.W.2d 367, the court said: "While the allegations in a motion to revoke do not require the same particularity of an indictment or an information, in all fairness the allegations as to a violation of probation should be fully and clearly set forth in the revocation motion . . . so that he might be informed as to that upon which he will be called to defend." See Jansson v. State, Tex.Cr.App., 473 S.W.2d 40.

■ The allegation in the State's motion to revoke for failure to report during period of probation first generally alleged violation of the condition of probation and then stated the manner of violation "in that he has not reported in person or by letter to the Sheriff[4] on or within ten (10) days before the first Monday *in each month of each year during the period of this probation,* giving said Sheriff, his address, marital status, employment he is engaged in, and name and address of his employer, if any." (Emphasis added.)

The violation is alleged to have occurred "in each month of each year during the period of this probation." We find that such allegation sufficiently set forth the manner in which appellant violated this condition of his probation and informed appellant as to that upon which he would be called to defend.

■ Appellant contends the evidence is insufficient to support the order revoking probation.

John Barry testified that he became probation officer for Jackson County in July, 1972, and that appellant never reported to him, despite the fact that he was notified

---

3. See Jones v. State, Tex.Cr.App., 478 S.W. 2d 937; Armstrong v. State, Tex.Cr.App., 472 S.W.2d 150; Branch v. State, Tex.Cr. App., 465 S.W.2d 160; Patton v. State, Tex.Cr.App., 450 S.W.2d 856.

4. See Hilts v. State, Tex.Cr.App., 476 S.W. 2d 283, f n. 1, where this court, speaking through Presiding Judge Onion, calls attention to Sections 10 and 31 of Article 42.12, V.A. C.C.P. and urges that probation should not be administered by an agency having prosecutorial functions. The record reflects that Jackson County has had a probation officer since July, 1972.

by mail on two occasions to report to Barry.

Harvey Reynolds, Sheriff of Jackson County since November, 1970 (also served as probation officer until July, 1972) testified that he never saw appellant while he was on probation until he was arrested after the motion to revoke, despite letters to appellant that he wanted him to report to his office. Reynolds further testified that he sent appellant report forms on other occasions to use in making probation reports and that appellant never used them. According to Reynolds there were occasions (not every month) when appellant would "scribble out something on a piece of paper" and send it to him. One of the reports was read into evidence and it failed to furnish any of the information required to be in such report.

■ Appellant argues that the judgment of probation required him to report to Mrs. Lewis W. Watson and that there is no proof that he failed to report to Mrs. Watson.

Condition number eight (8) of the judgment of probation reads:

"Report in person or by letter to the Sheriff of this County on or within ten (10) days before the first Monday in each month and of each year hereafter during the period of this probation, giving said Sheriff *Mrs. Lewis W. Watson* his address, marital status, employment he is engaged in, and name and address of his employer, if any."

■ The record reflects that Mrs. Watson was Sheriff of Jackson County and that she was succeeded by Harvey Reynolds in November, 1970. Prior to July, 1972, when a probation officer was named, it appears that the Sheriff of Jackson County also served as probation officer. Thus, when Reynolds succeeded Mrs. Watson the duties imposed on Mrs. Watson devolved upon her successor, Harvey Reynolds. See 47 Tex.Jur.2d, Public Officers, Section 128. Probation Officer Barry and Sheriff Reynolds both testified that appellant was notified to report to them. The fact that Reynolds did receive some reports from appellant shows that appellant was not misled by Mrs. Watson's name appearing in Condition eight (8) of the judgment of probation.

Appellant contends that findings of fact and conclusions of law filed by the court are "wholly inadequate." Appellant fails to point out in what respect such findings are inadequate. Further, the record contains amended findings by the court which are adequate.

Finding that the court did not abuse its discretion in revoking appellant's probation, the judgment is affirmed.

Opinion approved by the Court.