**Rene SALINAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48726.**

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Rehearing Denied Nov. 6, 1974.

**755**

condition on the night alleged in the motion to revoke. Appellant's contention that the trial court abused its discretion in revoking his probation upon this violation is therefore without merit.

 Appellant further seeks to challenge his original conviction alleging the trial court did not comply with Article 26.13, V.A.C.C.P., in accepting his plea of guilty.[2] Contrary to appellant's claim, the record reflects full compliance with Article 26.13, supra. The actual basis of appellant's complaint is an argument that the court should have withdrawn his plea later during the proceedings. Such contention is not within the narrow exceptions to the general rule that collateral attacks upon the original conviction may not be made in the appeal from a subsequent revocation of probation (see, e. g., McAlpine v. State, Tex.Cr.App., 462 S.W.2d 315), and therefore is not before this Court.

The judgment is affirmed.

---

Joe A. Cisneros, McAllen, for appellant.

Oscar McInnis, Dist. Atty., Thomas P. Berry, Asst. Dist. Atty., Edinberg, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

On original submission the appeal in this case was ordered abated because the record had not been approved as required by Article 40.09, Sec. 7, Vernon's Ann.C.C.P. The defect has now been corrected and the appeal is ordered reinstated.

 This appeal is from an order revoking probation. Appellant was convicted of possession of marihuana upon his plea of guilty before the court and punishment was assessed at four years, probated. One of the conditions of probation was that appellant "observe a 9:00 p. m. curfew each and every night during the period of his probation."[1] Among the grounds alleged in the State's Motion to Revoke Probation was that appellant had violated this term of his probation. The court found appellant had violated this term and revoked his probation upon that ground and another.

 The appellant took the stand during the hearing on the motion to revoke and testified that he knew one condition of his probation was that he observe the 9:00 p. m. curfew, and further made a judicial confession that he violated that

---

1. In appropriate cases, the imposition of a curfew is a reasonable condition of probation. Based on the probationer's background in this case, the curfew imposed appears to be an attempt by the judge to prevent unproductive activities and potentially deleterious associations. The trial court has wide discretion in

selecting the terms and conditions of probation. Art. 4212, Secs. 3, 6, V.A.C.C.P.

2. See Perkins v. State, Tex.Cr.App., 504 S.W.2d 458; Martinez v. State, Tex.Cr.App., 494 S.W.2d 545.