Michael Dean **HEISKELL**,
Appellant,

v.

**The STATE of Texas, Appellee.**

No. 48933.

Court of Criminal Appeals of Texas.

May 7, 1975.

Rehearing Denied May 21, 1975.

J. E. Thompson, Pampa, on appeal only, for appellant.

Guy Hardin, Dist. Atty., Pampa, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On original submission, appellant's court-appointed counsel filed a brief which set forth no contentions. The record did not reflect that appellant was served with counsel's brief, that appellant was given an opportunity to examine the appellate record, or that appellant was advised of his right to file a pro se brief and given an opportunity to do so. For failure to comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the appeal was abated in a per curiam opinion. The record now before us contains a brief bearing the names of both appellant and counsel filed in the trial court after this appeal was abated in which two contentions are urged. The basis for abatement on original submission is no longer present, the prior opinion is withdrawn, and the appeal will be considered.

The record reflects that appellant entered a plea of guilty before the jury to

the offense of burglary on July 24, 1972. Punishment was assessed at five years, probated.

The State filed a motion to revoke appellant's probation on March 12, 1974, alleging that appellant had violated a law of this State, having been "caught in the act of burglary at the office of Dr. R. M. Hampton, in Pampa, Gray County, Texas," on March 12, 1974.

The record reflects that after a hearing on April 15, 1974, the court entered an order revoking appellant's probation finding that appellant had committed an offense against the laws of the State of Texas, reciting the offense as it was alleged in the motion to revoke.

■ Appellant contends that the court abused its discretion in revoking his probation in that the evidence was insufficient to support the court's finding that he committed the offense of burglary.

Officer McGill testified that while he was on patrol between the hours of 11:00 p. m. and 7:00 a. m. on the date in question he observed a "large plate glass window broken out at the Medical and Surgical Clinic" in Pampa. McGill called Dr. R. M. Hampton, entry was made into the clinic, and appellant was found inside the building "hiding in a storage room on his hands and knees." Four bottles of assorted drugs, syringes and needles were found in the pockets of appellant's jacket. Dr. Hampton testified that he was called to unlock the door to the clinic for the officer and stated that upon entry he saw appellant in his office. According to Dr. Hampton, no one with authority to authorize entry had given appellant permission to enter the clinic on the occasion in question.

We conclude that the evidence was sufficient to support the court's finding in revoking appellant's probation. See Morrow v. State, Tex.Cr.App., 500 S.W.2d 811; Powell v. State, Tex.Cr.App., 475 S.W.2d 934.

■ Appellant contends that the court did not admonish him in accordance with Article 26.13, Vernon's Ann.C.C.P. before accepting his plea of guilty to the primary offense.

While the general rule is that failure to appeal when placed on probation waives the right of review, this Court held in Perkins v. State, Tex.Cr.App., 504 S.W.2d 458 and Martinez v. State, Tex.Cr.App., 494 S.W.2d 545, that the failure to comply with Article 26.13, V.A.C.C.P. in the primary offense would be considered on appeal from an order revoking probation since the question could be raised at any time. The rationale of the holdings in *Perkins* and *Martinez* stemmed from this Court's holdings that a conviction could be collaterally attacked for failure to comply with Article 26.13, supra. Ex parte Chavez, Tex.Cr.App., 482 S.W.2d 175; Ex parte Marshall, Tex.Cr.App., 479 S.W.2d 921; Ex parte Battenfield, 466 S.W.2d 569. The Court concluded in *Martinez* and *Perkins* that to hold that a failure to comply with 26.13 could not be raised upon appeal from the order revoking probation "would be to require a useless thing."

In the more recent case of Ex parte Taylor, 522 S.W.2d 479 (75); this Court held that, absent a showing of prejudice or injury, a conviction cannot be collaterally attacked for the failure to comply with Art. 26.13, supra. All of the cases to the contrary were overruled. See also Guster v. State, 522 S.W.2d 494 (75); Williams v. State, 522 S.W.2d 488 (75).

In light of the holding in Ex parte Taylor, supra, the underpinning which supported the decisions in *Perkins* and *Martinez* has been removed. There no longer being a basis for the exception to the rule announced in *Martinez* and *Perkins,* we conclude that appellant waived the right to review questions concerning compliance with Art. 26.13, supra, when he failed to appeal from the primary conviction when he was placed on probation.

■ We find no merit in appellant's contention that the court erred when it did not "ascertain the mental competency of the Defendant" before accepting appellant's plea on the primary offense. Even on direct appeal, absent a showing that an issue of sanity was made at the time the guilty plea was entered, appellant cannot complain of the trial court's failure to ask questions as to his sanity. McClintick v. State, Tex.Cr.App., 508 S.W.2d 616; Kane v. State, Tex.Cr.App., 481 S.W.2d 808.

We conclude that the court did not abuse its discretion in revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., and ROBERTS, J., dissent.