**Vanessa Gail WILLIAMS, Appellant,**

v.

**The STATE of Texas.**

**Nos. 12–81–0037–CR to 12–81–0039–CR.**

Court of Appeals of Texas, Tyler.

Jan. 28, 1982.

Rehearing Denied March 4, 1982.

Discretionary Review Refused June 2, 1982.

Paul Tatum, Holt, Tatum & McCarver, Nacogdoches, for appellant.

Herbert Hancock, Nacogdoches, for appellee.

PER CURIAM.

This is an appeal from an order revoking probation. On May 30, 1978, appellant, Vanessa Gail Williams, entered pleas of guilty before the court for three indictments, Cause Nos. 10,600–78–2, 10,601–78–2, and 10,602–78–2, each charging forgery, a felony of third degree. Punishment was assessed at three (3) years imprisonment in each case, but imposition of the sentence was suspended and appellant was placed on three years probation.

On July 31, 1980, the State filed an application for revocation of probation, alleging that appellant had failed to report to the probation department as ordered in each cause and that she had failed to work faithfully at suitable employment as ordered in each cause. In addition, it was alleged that appellant had failed to pay probation fees, restitution, and court appointed attorney's fees as ordered in Cause No. 10,600–78–2.

On November 11, 1980, a hearing was held on the motion to revoke; thereafter, the trial court entered an order revoking appellant's probation on all grounds alleged. On January 15, 1981, appellant was sentenced to three concurrent three-year terms in the Texas Department of Corrections.

From that judgment appellant has perfected this appeal.

We affirm.

We shall deal first with appellant's grounds of error that relate to the trial court's findings that appellant failed to report to the probation department as ordered and failed to maintain suitable employment since these allegations were sustained as to each cause.

■ Concerning the allegation that defendant failed to report to the probation department, the judgment granting probation directed appellant to

report to the probation department monthly in writing between the first and fifteenth of each month, and in person within ten days of notice to do so and permit the probation department's officers to visit you at your home or elsewhere; . . . .

The application to revoke probation repeated the same language from the judgment, and added the following:

Inasmuch as she, Vanessa Gail Williams, did fail to report, in person or in writing, for the months of February, 1979; March, 1979; July, 1979; September, 1979; October, 1979; December, 1979; January, 1980; March, 1980; and May, 1980.

Appellant first contends that the trial court abused its discretion in revoking her probation based on appellant's failure to report to the probation department because the requirement is multifarious and vague. Appellant contends that there were numerous ways in which she could report, e.g. in person or in writing. Appellant asserts that the allegation failed to advise her whether the State was claiming she failed to report in writing or that she failed to report in person.

We find no merit in this contention. The State's allegation clearly states that the defendant failed to report to the probation department. The allegation further states that the defendant failed to report either in writing or in person. The allegation sufficiently sets forth the manner in which appellant violated this condition of her probation and informed her of what the State intended to prove. See Perkins v. State, 504 S.W.2d 458 (Tex.Cr.App.1974).

■ Appellant next contends that the trial court abused its discretion in revoking defendant's probation because the order of probation does not specify to whom the appellant is to report or whether she is to report in person or by mail. Appellant contends that this is an unauthorized delegation of authority since the judgment requires the probation department rather than the court to determine whether appellant is to report in person or in writing.

We do not agree. The instant case does not involve a situation where the appellant is accused of violating an additional condition of parole imposed upon her by her parole officer rather than the court. See Herrington v. State, 534 S.W.2d 331 (Tex. Cr.App.1976). The court ordered the defendant to report to the probation department either in person or in writing between the first and the fifteenth of each month and this the defendant totally failed to do. Having failed to report the defendant clearly violated the court's order. Appellant's second ground of error is overruled.

■ Appellant next contends that there is insufficient evidence to support a finding that the defendant failed to report to the probation department. In a probation revocation proceeding the standard of proof is by the preponderance of the evidence. Barnett v. State, 615 S.W.2d 220 (Tex.Cr.App. 1981).

■ Richard Brice, Chief Probation Officer, testified that appellant did not report in person or in writing during the months of February, 1979; March, 1979; July, 1979; September, 1979; October, 1979; December, 1979; January, 1980; March, 1980; and May, 1980. In addition, the probation file was offered and admitted as State's Exhibit No. 1 and it also reflected appellant's failure to report. We believe there is sufficient evidence that appellant failed to report during the indicated months. Appellant's ground of error is overruled.

Appellant's next three grounds of error relate to the court's determination that appellant failed to maintain suitable employment. The allegation as sustained by the court stated:

(The appellant failed to) work faithfully at suitable employment as far as possible, subject to the approval of the court and/or probation department; inasmuch as she, Vanessa Gail Williams failed to conform to the just and necessary rules required of all employees Herider Farms Processing, Inc. and after repeated warnings to conform, failed to do so, thus necessitating her termination as an employee of Herider Farms Processing, Inc.;

. . . .

Appellant first contends that the trial court abused its discretion in revoking her probation because the allegation of failure to remain in suitable employment failed to give fair notice by not specifying a time certain when the appellant failed to remain in suitable employment.

It is well settled that although the allegations and a motion to revoke probation do not require the same particularity of an indictment or information, in all fairness the allegations as to a violation of probation should be fully and clearly set forth in the revocation motion so that the defendant might be informed as to that upon which he or she will be called to defend. *Kuenstler v. State*, 486 S.W.2d 367 (Tex.Cr.App.1972). In the instant case the State's allegations state that the appellant failed to maintain suitable employment because she was terminated by her present employer. While far from perfect, we believe the instant allegations sufficiently set forth the manner in which appellant violated the conditions of her probation and informed her as to what she would be called upon to defend against. *Perkins*, supra.

Appellant next contends the trial court abused its discretion in revoking her probation because there was an unauthorized delegation by the court in permitting the employer to set his own rules and regulations governing appellant's failure to remain in suitable employment. Appellant's ground of error misinterprets the court's findings. Appellant was terminated for failure to maintain her employment, not because she failed to obey rules as set forth by her employer.

Appellant's last ground of error contends that there was insufficient evidence to support a finding that appellant failed to maintain suitable employment.

We cannot agree. The record reflects that appellant was terminated from her employment because of excessive unexcused absences. Further, appellant's probation file clearly indicates that the appellant repeatedly failed to maintain employment. The employment made the subject of the allegation in State's motion to revoke her probation was only the last in a long series of jobs from which appellant was terminated. We conclude that there is sufficient evidence to support the trial court's finding that appellant failed to maintain suitable employment.

Appellant also brings numerous grounds of error concerning the trial court's revocation of probation in Cause No. 10,600–78–2. In that case, the trial court found that not only had appellant failed to maintain employment and failed to report but also had failed to pay restitution, probation fees and attorney's fees.

The sole issue before a court in reviewing a revocation of probation is whether the trial court abused its discretion in revoking probation. *Lloyd v. State*, 574 S.W.2d 159 (Tex.Cr.App.1978). Having concluded that the trial court correctly revoked appellant's probation for failure to report to the probation department and for failure to maintain suitable employment, we do not need to decide whether the trial court abused its discretion in revoking probation based on the other allegations of the State.

The judgment of the trial court is affirmed.