TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00802-CR







Jason Eli Oldaker, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 49,552, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







Appellant Jason Eli Oldaker pleaded guilty to unauthorized use of a vehicle. See
Tex. Penal Code Ann. § 31.07 (West 1994). The district court adjudged him guilty and, pursuant
to a plea bargain agreement, assessed punishment at incarceration in a state jail for two years and
a $250 fine, probated. No appeal was taken from this conviction. Four months later, the court
revoked supervision following a hearing on the State's motion and imposed sentence, omitting the
fine. Oldaker appeals from this order. By a single point of error, he contends his guilty plea was
not voluntary because the district court failed to properly admonish him regarding the range of
punishment attached to the offense. We will overrule this contention and affirm the order
revoking supervision.

A defendant pleading guilty to a felony must be admonished by the trial court as
to the range of punishment attached to the offense. See Tex. Code Crim. Proc. Ann. art.
26.13(a)(1) (West Supp. 2000). Oldaker pleaded guilty to a state jail felony punishable by
incarceration in a state jail for 180 days to two years and a fine not exceeding $10,000. See Tex.
Penal Code Ann. § 12.35(a), (b) (West 1994). The court admonished him regarding the possible
period of incarceration, but failed to mention the possibility of a fine. As previously noted, the
court's original judgment of conviction imposed a $250 fine. 

The State urges that Oldaker's contention is not properly before us. We
acknowledge that the opinion in Heiskell v. State, 522 S.W.2d 477, 478 (Tex. Crim. App. 1975),
can be and has been read to hold that a defendant waives the right to complain of noncompliance
with article 26.13 by failing to appeal from the original judgment of conviction. See Davis v.
State, 977 S.W.2d 859, 861 (Tex. App.--Dallas 1998, no pet.). A careful reading of Heiskell and
a companion opinion, however, suggests that it stands only for the proposition that a violation of
article 26.13 will not entitle a defendant to relief by way of collateral attack except on a showing
of prejudice. See Ex parte Taylor, 522 S.W.2d 479, 480 (Tex. Crim. App. 1975).

Assuming the matter is properly before us, we hold that no reversible error is
presented. Even on direct appeal, a trial court's failure to substantially comply with article
26.13(a)(1) is subject to the harmless error rule. See High v. State, 964 S.W.2d 637, 638 (Tex.
Crim. App. 1998). A failure to comply with article 26.13(a)(1) is nonconstitutional error
reviewable for harm pursuant to Texas Rule of Appellate Procedure 44.2(b). See Aguirre-Mata
v. State, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999). To be entitled to a reversal, a defendant
who is not properly admonished pursuant to article 26.13 must affirmatively show that he was not
aware of the consequences of his plea and was misled or harmed by the court's defective
admonishment. See Carranza v. State, 980 S.W.2d 653, 657-58 (Tex. Crim. App. 1998).

Oldaker pleaded guilty pursuant to a plea bargain. The agreement, which was
reduced to writing and signed by Oldaker and his counsel, provided for "a term of two (2) years
in a State Jail Facility; probated for a term of five (5) years; with the fine and all other conditions
left to the discretion of the Court; 180 days up front jail time with credit for time served."
(Emphasis added.) While no substitute for the required judicial admonishment, the written plea
bargain agreement clearly indicates that Oldaker knew the court might impose a fine if he pleaded
guilty.

Oldaker urges that he was harmed by the defective admonishment because his
failure to pay the fine was one of the violations for which his supervision was revoked. The
motion to revoke alleged twelve violations of the conditions of supervision, two of which were
abandoned by the State at the hearing. Oldaker pleaded true to the remaining ten violations, any
one of which will support the court's decision to revoke. See Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980). When the court imposed sentence, it omitted the fine altogether. 
Under the circumstances, it can hardly be said that the revocation order rests on the nonpayment
of the fine.

Oldaker has failed to affirmatively demonstrate that he was unaware of the
consequences of his plea, or that he was misled or harmed by the court's failure to admonish him
regarding the possibility of a fine. The point of error is overruled and the order revoking
community supervision is affirmed.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 2, 2000

Do Not Publish



nn. § 31.07 (West 1994). The district court adjudged him guilty and, pursuant
to a plea bargain agreement, assessed punishment at incarceration in a state jail for two years and
a $250 fine, probated. No appeal was taken from this conviction. Four months later, the court
revoked supervision following a hearing on the State's motion and imposed sentence, omitting the
fine. Oldaker appeals from this order. By a single point of error, he contends his guilty plea was
not voluntary because the district court failed to properly admonish him regarding the range of
punishment attached to the offense. We will overrule this contention and affirm the order
revoking supervision.

A defendant pleading guilty to a felony must be admonished by the trial court as
to the range of punishment attached to the offense. See Tex. Code Crim. Proc. Ann. art.
26.13(a)(1) (West Supp. 2000). Oldaker pleaded guilty to a state jail felony punishable by
incarceration in a state jail for 180 days to two years and a fine not exceeding $10,000. See Tex.
Penal Code Ann. § 12.35(a), (b) (West 1994). The court admonished him regarding the possible
period of incarceration, but failed to mention the possibility of a fine. As previously noted, the
court's original judgment of conviction imposed a $250 fine. 

The State urges that Oldaker's contention is not properly before us. We
acknowledge that the opinion in Heiskell v. State, 522 S.W.2d 477, 478 (Tex. Crim. App. 1975),
can be and has been read to hold that a defendant waives the right to complain of noncompliance
with article 26.13 by failing to appeal from the original judgment of conviction. See Davis v.
State, 977 S.W.2d 859, 861 (Tex. App.--Dallas 1998, no pet.). A careful reading of Heiskell and
a companion opinion, however, suggests that it stands only for the proposition that a violation of
article 26.13 will not entitle a defendant to relief by way of collateral attack except on a showing
of prejudice. See Ex parte Taylor, 522 S.W.2d 479, 480 (Tex. Crim. App. 1975).

Assuming the matter is properly before us, we hold that no reversible error is
presented. Even on direct appeal, a trial court's failure to substantially comply with article
26.13(a)(1) is subject to the harmless error rule. See High v. State, 964 S.W.2d 637, 638 (Tex.
Crim. App. 1998). A failure to comply with article 26.13(a)(1) is nonconstitutional error
reviewable for harm pursuant to Texas Rule of Appellate Procedure 44.2(b). See Aguirre-Mata
v. State, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999). To be entitled to a reversal, a defendant
who is not properly admonished pursuant to article 26.13 must affirmatively show that he was not
aware of the consequences of his plea and was misled or harmed by the court's defective
admonishment. See Carranza v. State, 980 S.W.2d 653, 657-58 (Tex. Crim. App. 1998).

Oldaker pleaded guilty pursuant to a plea bargain. The agreement, which was
reduced to writing and signed by Oldaker and his counsel, provided for "a term of two (2) years
in a State Jail Facility; probated for a term of five (5) years; with the fine and all other conditions
left to the discretion of the Court; 180 days up front jail time with credit for time served."
(Emphasis added.) While no substitute for the required judicial admonishment, the written plea
bargain agreement clearly indicates that Oldaker knew the cour