TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00017-CR






Oscar Ismael Martinez, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-97-0627-S, HONORABLE DICK ALCALA, JUDGE PRESIDING






 Appellant Oscar Ismael Martinez, Jr. appeals the trial court's judgment revoking his
probation. Appellant raises four issues on appeal, arguing that: (1) the trial court improperly
delegated its authority to impose probation conditions; (2) the trial court abused its discretion when
it found that appellant violated the community service restitution condition of his probation; (3) the
probation condition requiring a curfew was an invalid condition; and (4) the trial court abused its
discretion when it found that appellant violated his curfew. We affirm the trial court's judgment.


BACKGROUND

 Appellant pleaded guilty to the offense of organized crime, and the trial court imposed
shock probation. See Tex. Pen. Code Ann. § 71.02 (West Supp. 2001). Appellant was initially sent
to boot camp as part of his sentence, but the sentence was later probated and appellant was placed
on probation for ten years. Among the conditions of his probation, appellant was restricted to his
home between the hours of 10:00 p.m. and 6:00 a.m. and was ordered to perform ten hours per
month of community service until a total of two hundred forty hours were performed. 

 On July 6, 1999, the State filed a motion to revoke probation, alleging that appellant
violated both of the aforementioned conditions of his probation. Following a hearing during which
both parties presented evidence, the trial court found that appellant violated the conditions of his
probation. The court then abated the revocation proceedings pending resolution of a related criminal
indictment. When the trial court reconvened, it announced its decision to revoke appellant's
probation. 


DISCUSSION

 By his third issue, appellant argues that the imposed curfew was an invalid condition
of his probation. He contends there is no evidence to indicate that: (1) the curfew was related to the
crime committed; (2) the curfew deters future criminal activity or serves community supervision
statutory objectives; or (3) being away from one's residence after 10:00 p.m. is a criminal activity.

 Probation conditions are reasonable if the conditions have a reasonable relationship
to the treatment of the accused and the protection of the public. Tamez v. State, 534 S.W.2d 686,
691 (Tex. Crim. App. 1976); Johnson v. State, 672 S.W.2d 621, 623 (Tex. App.--Corpus Christi
1984, no pet.). A probationary condition is invalid if: (1) it has no relationship to the crime; (2) it
relates to conduct that is not in itself criminal; and (3) it forbids or requires conduct that is not
reasonably related to the future criminality of the defendant and does not serve the statutory
objectives of the community supervision. Lacy v. State, 875 S.W.2d 3, 5 (Tex. App.--Tyler 1994,
pet. ref'd). The imposition of a curfew may be a reasonable condition of probation. Salinas v. State,
514 S.W.2d 754, 755 n.1 (Tex. Crim. App. 1974). The court of criminal appeals has upheld the
imposition of a curfew for the purpose of preventing "unproductive activities and potentially
deleterious associations." Id.

 In this case, appellant was on probation following a plea of guilty to the offense of
organized crime, which arose from a drive-by shooting. As in Salinas, under these circumstances,
the trial court could have imposed the curfew restriction in an effort to prevent potentially deleterious
associations and unproductive activity. The trial court has broad discretion in selecting the terms
and conditions of probation. Id. We conclude the trial court did not abuse its discretion in imposing
a 10:00 p.m. curfew as a condition of appellant's probation and overrule his third issue.

 In his fourth issue, appellant argues the trial court abused its discretion when it found
that appellant violated his curfew. The decision to revoke probation is within the trial court's
discretion. Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976); Allen v. State, 946 S.W.2d
115, 116 (Tex. App.--Texarkana 1997, no pet.). The trial court is not authorized to revoke
probation without a showing that the probationer violated a condition of probation, Degay v. State,
741 S.W.2d 445, 449 (Tex. Crim. App. 1987); a trial court does not abuse its discretion if sufficient
evidence exists to support a finding that a condition of probation has been violated. Stevens v. State,
900 S.W.2d 348, 351 (Tex. App.--Texarkana 1995, pet. ref'd). The State need only prove by a
preponderance of the evidence that the terms of probation were violated. Cardona v. State, 665
S.W.2d 492, 494-95 (Tex. Crim. App. 1984). Proof of a single violation is sufficient to support
revocation of probation. O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981).

 In this case, appellant was accused of violating his curfew after he was found at a
local park at 10:04 p.m. on July 4, 1999. Appellant testified that, on that night, he and his girlfriend
went to the lake to view a fireworks display. He left the lake at about 9:15, before the fireworks
display ended, in an effort to avoid traffic and arrive at his house by his 10:00 p.m. curfew. Under
normal conditions, appellant would have reached his house from the lake within twenty minutes. 
However, as appellant departed for home, police officers began stopping every vehicle within the
lake's vicinity, (1) searching for a suspect in the death of an individual at the lake and traffic became
congested. Appellant argues that he could not have foreseen that the traffic would be so congested
when he left the lake, and the trial court therefore abused its discretion in revoking his probation for
violating his curfew.

 The State disputes appellant's account of the events on July 4, 1999. Johnny
Matheny, a police officer with the San Angelo Police Department, testified that in his opinion, if
appellant had left before the fireworks display ended, as appellant claims he did, he could have
"[gotten] out of the lake area pretty quickly, pretty easily." After hearing the testimony, the trial
court found "he wasn't near home." The trial court is the sole trier of fact in a motion to revoke
hearing and may resolve inconsistencies in the evidence. Kulhanek v. State, 587 S.W.2d 424, 426
(Tex. Crim. App. 1979). The trial court did not abuse its discretion in resolving the inconsistent
testimony of appellant and Matheny in favor of the State.

 Even without Matheny's testimony, however, appellant conceded that he was not at
home by his curfew on the night of July 4. His contention is that, based on the circumstances of that
evening, his failure to comply with his curfew was an insufficient basis to revoke his probation. A
trial court's decision to revoke probation will not be disturbed for an abuse of discretion so long as
the State has met its burden of proving a violation by a preponderance of the evidence. Jimmerson
v. State, 957 S.W.2d 875, 878 (Tex. App.--Texarkana 1997, no pet.). Preponderance of the
evidence is the greater weight and degree of credible testimony. Id. In this case, appellant does not
dispute that he violated a condition of his probation, and thus, the trial court was within its discretion
in revoking his probation based on this violation. Appellant's fourth issue is overruled.

 Because proof of a single violation is sufficient to support revocation of probation,
resolution of appellant's first two issues will not affect the outcome of this appeal and we therefore
do not reach them. O'Neal, 623 S.W.2d at 661; see also Tex. R. App. P. 47.1 (court of appeals
should address every issue raised and necessary to final disposition of appeal). Accordingly, we
affirm the trial court's judgment.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: January 10, 2002

Do Not Publish
1. There is some indication that the officers were searching for appellant, suspecting his
involvement in the death of the individual at the lake. During the evidentiary hearing, appellant
asked if the police were looking for him; he answered, "possibly." When they found him at 10:04,
they arrested him. Appellant was later convicted of criminally negligent homicide as a result of that
death. However, this conviction was not recited as one of the bases for his probation revocation. 
Although appellant was initially charged with reckless homicide as one of the three grounds for
violation of probation, the State abandoned this ground.