# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00017-CR

**Oscar Ismael Martinez, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
## NO. A-97-0627-S, HONORABLE DICK ALCALA, JUDGE PRESIDING

Appellant Oscar Ismael Martinez, Jr. appeals the trial court's judgment revoking his probation. Appellant raises four issues on appeal, arguing that: (1) the trial court improperly delegated its authority to impose probation conditions; (2) the trial court abused its discretion when it found that appellant violated the community service restitution condition of his probation; (3) the probation condition requiring a curfew was an invalid condition; and (4) the trial court abused its discretion when it found that appellant violated his curfew. We affirm the trial court's judgment.

## BACKGROUND

Appellant pleaded guilty to the offense of organized crime, and the trial court imposed shock probation. *See* Tex. Pen. Code Ann. § 71.02 (West Supp. 2001). Appellant was initially sent to boot camp as part of his sentence, but the sentence was later probated and appellant was placed on probation for ten years. Among the conditions of his probation, appellant was restricted to his

home between the hours of 10:00 p.m. and 6:00 a.m. and was ordered to perform ten hours per month of community service until a total of two hundred forty hours were performed.

On July 6, 1999, the State filed a motion to revoke probation, alleging that appellant violated both of the aforementioned conditions of his probation. Following a hearing during which both parties presented evidence, the trial court found that appellant violated the conditions of his probation. The court then abated the revocation proceedings pending resolution of a related criminal indictment. When the trial court reconvened, it announced its decision to revoke appellant's probation.

**DISCUSSION**

By his third issue, appellant argues that the imposed curfew was an invalid condition of his probation. He contends there is no evidence to indicate that: (1) the curfew was related to the crime committed; (2) the curfew deters future criminal activity or serves community supervision statutory objectives; or (3) being away from one's residence after 10:00 p.m. is a criminal activity.

Probation conditions are reasonable if the conditions have a reasonable relationship to the treatment of the accused and the protection of the public. *Tamez v. State*, 534 S.W.2d 686, 691 (Tex. Crim. App. 1976); *Johnson v. State*, 672 S.W.2d 621, 623 (Tex. App.—Corpus Christi 1984, no pet.). A probationary condition is invalid if: (1) it has no relationship to the crime; (2) it relates to conduct that is not in itself criminal; and (3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant and does not serve the statutory objectives of the community supervision. *Lacy v. State*, 875 S.W.2d 3, 5 (Tex. App.—Tyler 1994, pet. ref'd). The imposition of a curfew may be a reasonable condition of probation. *Salinas v. State*,

2

514 S.W.2d 754, 755 n.1 (Tex. Crim. App. 1974). The court of criminal appeals has upheld the imposition of a curfew for the purpose of preventing "unproductive activities and potentially deleterious associations." *Id.*

In this case, appellant was on probation following a plea of guilty to the offense of organized crime, which arose from a drive-by shooting. As in *Salinas*, under these circumstances, the trial court could have imposed the curfew restriction in an effort to prevent potentially deleterious associations and unproductive activity. The trial court has broad discretion in selecting the terms and conditions of probation. *Id.* We conclude the trial court did not abuse its discretion in imposing a 10:00 p.m. curfew as a condition of appellant's probation and overrule his third issue.

In his fourth issue, appellant argues the trial court abused its discretion when it found that appellant violated his curfew. The decision to revoke probation is within the trial court's discretion. *Wester v. State*, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976); *Allen v. State*, 946 S.W.2d 115, 116 (Tex. App.—Texarkana 1997, no pet.). The trial court is not authorized to revoke probation without a showing that the probationer violated a condition of probation, *Degay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987); a trial court does not abuse its discretion if sufficient evidence exists to support a finding that a condition of probation has been violated. *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd). The State need only prove by a preponderance of the evidence that the terms of probation were violated. *Cardona v. State*, 665 S.W.2d 492, 494-95 (Tex. Crim. App. 1984). Proof of a single violation is sufficient to support revocation of probation. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981).

In this case, appellant was accused of violating his curfew after he was found at a local park at 10:04 p.m. on July 4, 1999. Appellant testified that, on that night, he and his girlfriend went

3

to the lake to view a fireworks display. He left the lake at about 9:15, before the fireworks display ended, in an effort to avoid traffic and arrive at his house by his 10:00 p.m. curfew. Under normal conditions, appellant would have reached his house from the lake within twenty minutes. However, as appellant departed for home, police officers began stopping every vehicle within the lake's vicinity,[1] searching for a suspect in the death of an individual at the lake and traffic became congested. Appellant argues that he could not have foreseen that the traffic would be so congested when he left the lake, and the trial court therefore abused its discretion in revoking his probation for violating his curfew.

The State disputes appellant's account of the events on July 4, 1999. Johnny Matheny, a police officer with the San Angelo Police Department, testified that in his opinion, if appellant had left before the fireworks display ended, as appellant claims he did, he could have "[gotten] out of the lake area pretty quickly, pretty easily." After hearing the testimony, the trial court found "he wasn't near home." The trial court is the sole trier of fact in a motion to revoke hearing and may resolve inconsistencies in the evidence. *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979). The trial court did not abuse its discretion in resolving the inconsistent testimony of appellant and Matheny in favor of the State.

---

[1] There is some indication that the officers were searching for appellant, suspecting his involvement in the death of the individual at the lake. During the evidentiary hearing, appellant asked if the police were looking for him; he answered, "possibly." When they found him at 10:04, they arrested him. Appellant was later convicted of criminally negligent homicide as a result of that death. However, this conviction was not recited as one of the bases for his probation revocation. Although appellant was initially charged with reckless homicide as one of the three grounds for violation of probation, the State abandoned this ground.

Even without Matheny's testimony, however, appellant conceded that he was not at home by his curfew on the night of July 4. His contention is that, based on the circumstances of that evening, his failure to comply with his curfew was an insufficient basis to revoke his probation. A trial court's decision to revoke probation will not be disturbed for an abuse of discretion so long as the State has met its burden of proving a violation by a preponderance of the evidence. *Jimmerson v. State*, 957 S.W.2d 875, 878 (Tex. App.—Texarkana 1997, no pet.). Preponderance of the evidence is the greater weight and degree of credible testimony. *Id.* In this case, appellant does not dispute that he violated a condition of his probation, and thus, the trial court was within its discretion in revoking his probation based on this violation. Appellant's fourth issue is overruled.

Because proof of a single violation is sufficient to support revocation of probation, resolution of appellant's first two issues will not affect the outcome of this appeal and we therefore do not reach them. *O'Neal*, 623 S.W.2d at 661; *see also* Tex. R. App. P. 47.1 (court of appeals should address every issue raised and necessary to final disposition of appeal). Accordingly, we affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   January 10, 2002

5

Do Not Publish