Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



LORENZO LEYVA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-02-00333-CR

Appeal from the

41st District Court

of El Paso County, Texas

(TC# 80985)




MEMORANDUM OPINION

           This is an appeal from a revocation of probation proceeding. Appellant originally
pleaded guilty to the offense of sexual assault and was sentenced to ten years’ community
supervision. The State filed a motion to revoke probation and after a hearing on that motion,
the court revoked Appellant’s community supervision and sentenced him to six years in the
Institutional Division of the Texas Department of Criminal Justice. We affirm.
I. SUMMARY OF THE EVIDENCE
           The following terms and conditions of probation were included in Appellant’s
probation order:
 

a. Commit no offense against the laws of this state or of any other state
(including municipal ordinances), or of the United States of America.

. . .
 
h. . . . (5) You shall be subject to curfew and be within your place of residence,
as previously designated, between the hours of 8:00 p.m. and 6:00 a.m. each
and every day, unless suitably employed during those same hours.

. . .
 
k. Work 300 hours at a community service project(s) for an organization(s)
that is on a list approved by the Court which list is on file with the Court Clerk
on this date. The actual project(s) to be worked will be designated by the
Community Supervision and Corrections Department from time to time from
said list(s) as it may be modified.
 
 In the State’s motion to revoke probation it was alleged that:
Thereafter, to-wit: on or about the 19th day of July 2001, in the County
of El Paso and State of Texas, the said defendant, LORENZO LEYVA, did
then and there unlawfully commit the offense of Assault, in violation of
condition “a.” of the terms and conditions of his community supervision. 
 
Further, to-wit: on or about the 5th day of December, 2001, in the
County of El Paso and State of Texas, the said defendant, LORENZO
LEYVA, did then and there unlawfully fail to be within his place of residence
between the hours of 8:00 p.m. and 6:00 a.m., in violation of condition “h.(5)”
of the terms and conditions of his community supervision.
 
Further, to-wit: on or about the 6th day of March, 2002, in the County
of El Paso and State of Texas, the said defendant, LORENZO LEYVA, did
then and there unlawfully fail to participate in 300 hours in a community-based
program as assigned by the Supervision Officer, in violation of condition “k.”
of the terms and conditions of his community supervision.

           At the hearing, Probation Officer Cecilio Huitron, testified that on December 5, 2001,
he went to visit Appellant at his home at 8:10 p.m. and Appellant was not at home. He
returned at 9:50 p.m. and no one answered the door. Huitron testified that as of the day of
the hearing, Appellant had completed sixty hours of community service.
           During cross-examination, Huitron testified that the December 5, 2001 curfew
violation was the only time that to Huitron’s knowledge, Appellant had violated his curfew. 
He stated that the probation department instructs probationers to complete at least ten hours
a month of community service, but the written probation order in this case did not so instruct
Appellant. The witness testified that it would be reasonable for someone to think that he had
ten years to complete the required 300 hours of community service.
           Raul Tarin, an officer with the El Paso Police Department, testified that he responded
to a call on 4525 Vulcan Avenue, El Paso, Texas, regarding a domestic disturbance. Tarin
encountered Appellant and his wife, along with their little boy, arguing in a parking lot. The
wife had a bloody face. She was crying, hysterical, and excited. Over Appellant’s hearsay
objection, Tarin related what the wife told him. She stated that the two had gotten into an
argument after some friends had come over for drinks. Appellant became upset and
ransacked the house. Appellant got their Lone Star card and put it into his pocket. She tried
to reach in his pocket and Appellant struck her on the face with a closed fist. This caused
her nose to hurt and bleed, and the force of the blow knocked her back. As she went
backwards, she grabbed his shirt and tore it. This further angered Appellant and he began
to punch her with both hands in the face.
           Upon cross-examination, Officer Tarin stated that both parties had been drinking, and
he did not have any personal knowledge regarding how the victim received her injuries. The
witness stated that the couple’s three-year-old boy stated that, “daddy knocked [his] mommy
down.”
           Appellant testified on his own behalf. He stated that during the six years he had been
on probation, he had only violated his curfew on the one alleged occasion. In that instance,
he had gone to buy diapers at Wal-Mart because he felt that it was his husbandly duty to take
care of his family. Appellant testified that it was his understanding that he had ten years to
complete 300 hours of community service. He denied having committed the assault. He
stated that his wife received her injuries when “she got slammed by the door.”
           At the close of the evidence, the court found each of the three allegations in the State’s
motion to revoke to be true and revoked Appellant’s probation.
II. DISCUSSION
           In three issues on appeal, Appellant maintains: (1) the court abused its discretion in
revoking Appellant’s probation for failing to perform community service hours when the
State filed a motion to revoke before the expiration of the probation, and the terms and
conditions of probation do not indicate a specific number of community service hours to
perform each month; (2) the court abused its discretion in finding a violation of probation
when Appellant violated curfew once in six years and such term and condition of probation
is not reasonably related to the treatment of Appellant and the protection of the community;
and (3) the court erred in allowing Officer Tarin to testify regarding hearsay statements
which failed to meet an exception to the hearsay rule and violated Appellant’s right to
confrontation.
           Specifically, regarding Issue No. Two, Appellant argues that the court abused its
discretion in finding a violation of the curfew because only one violation was shown during
the six years he was on probation. He also asserts that the term of probation is not reasonably
related to the treatment of Appellant and the protection of the community because being
outside the home during the proscribed hours is not a crime and the violation bears no
relationship to the crime of sexual assault. Also, the curfew restriction is not reasonably
related to the future criminality of Appellant.
           Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (Vernon Supp. 2004) provides, in
part:
The judge of the court having jurisdiction of the case shall determine
the conditions of community supervision and may, at any time, during the
period of community supervision alter or modify the conditions. The judge
may impose any reasonable condition that is designed to protect or restore the
community, protect or restore the victim, or punish, rehabilitate, or reform the
defendant. Conditions of community supervision may include, but shall not
be limited to, the conditions that the defendant shall: . . . . 

           Article 42.12, section 11(a)(1)-(23) then lists numerous authorized conditions of
probation. Violation of a curfew is not included in the listed conditions of community
supervision.
           The granting of community supervision is a contractual privilege afforded a defendant
whereby the court agrees to extend clemency by granting probation in exchange for the
defendant’s agreement to abide by certain requirements of that probation. Speth v. State, 6
S.W.3d 530, 533-34 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1088, 120 S.Ct. 1720,
146 L.Ed.2d 642 (2000). Aside from the statutorily authorized conditions of probation
contained in Article 42.12, section 11(a), a trial court has broad discretion to determine the
terms and conditions of probation to be imposed. See Speth, 6 S.W.3d at 533; Todd v. State,
911 S.W.2d 807, 817 (Tex. App.--El Paso 1995, no pet.). The conditions of probation are
not limited to those suggested in statute. Fielder v. State, 811 S.W.2d 131, 134 (Tex. Crim.
App. 1991). Permissible conditions of probation should have a reasonable relationship to the
treatment of the accused and protection of the public. Id. However, Article 42.12, section 
11(a) also authorizes the trial court to impose reasonable conditions intended to punish,
rehabilitate, or reform the defendant, regardless of whether such conditions are related to the
treatment of the accused or the protection of the public. See Todd, 911 S.W.2d at 816-17.
           The standard of review on appeal from an order revoking probation is whether the trial
court abused its discretion. Becker v. State, 33 S.W.3d 64, 66 (Tex. App.--El Paso 2000, no
pet.). Proof of any single violation of the terms or conditions will support the trial court’s
order revoking probation. Id. at 66-67.
           Appellant’s initial contention regarding the curfew violation is that the single curfew
violation is insufficient to support the revocation order. We note that Appellant’s probation
officer testified that he violated his curfew on December 5, 2001. Appellant admitted that
he violated curfew on that date; albeit, he attempted to justify his actions by claiming the
necessity to purchase diapers. The evidence supports the court’s decision to revoke
Appellant’s probation. See Salinas v. State, 514 S.W.2d 754, 755 (Tex. Crim. App. 1974). 
Appellant provides no authority and we know of no such authority that indicates a
probationer must commit a series of curfew violations to support an order revoking a
probationer’s probation.
           We next consider whether the curfew condition was a valid condition of probation. 
Imposition of a curfew can be a reasonable condition of probation. See id. at 755 n.1. In
Salinas, the defendant was convicted of possession of marihuana. The court held that the
imposition of the curfew was a valid attempt by the judge to “prevent unproductive activities
and potentially deleterious associations.” Id. In the present case, Appellant was convicted
of sexual assault. Certainly, under the reasoning in Salinas, the court in the present case
could impose the curfew condition to prevent unproductive activities and potentially
deleterious associations, at a minimum. The imposition of the curfew could certainly be
viewed as a reasonable method of protecting the community and punishing and or reforming
Appellant. We find that Appellant has failed to show that the curfew imposed was an
unreasonable or improper condition of probation. As any single ground for revocation will
support the trial court’s decision to revoke, we find the court did not abuse its discretion in
revoking Appellant’s probation. See Becker, 33 S.W.3d at 66-67. Issue No. Two is
overruled.
 

           Having overruled Appellant’s Issue No. Two, and finding that we need not address
Appellant’s remaining issues on review, we affirm the judgment of the trial court.




                                                                              RICHARD BARAJAS, Chief Justice
August 20, 2004

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)