IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,023-01 and -02






EX PARTE JOHN HENRY GLASCO, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. C-371-009322-0595674-A AND C-371-009323-0595676-A


IN THE 371ST DISTRICT COURT FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court these applications for writs of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was
convicted of two charges of aggravated robbery and sentenced to concurrent terms of life
imprisonment. The Second Court of Appeals affirmed his convictions. Glasco v. State, Nos.
02-97-00498-CR and 02-97-00499-CR (Tex. App.--Fort Worth Del. Feb. 25, 1999). 

 Applicant complains that he was denied his ability to file a pro se brief on direct
appeal after his appellate counsel filed a brief and motion to withdraw pursuant to Anders v.
California, 386 U.S. 738, 744 (1967). Applicant claims he was never given access to the trial
court record to assist him in filing a pro se brief, although requested, and in support of his
claim, Applicant has included copies of letters as exhibits to his writ application. In these
letters, one of which is addressed to the appellate court and the other to the trial court clerk,
Applicant requests access to the trial record in conjunction with the filing of a pro se brief. 

 This Court has indicated that a defendant must be given access to the record, if
requested, after an Anders brief and motion to withdraw is filed. See Heiskell v. State, 522
S.W.2d 477, 477 (Tex. Crim. App.1975). Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall therefore
make findings of fact regarding whether Applicant timely requested access to the trial record
to assist him in filing a pro se brief on direct appeal and whether the trial record was made
available to him. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d), and in the appropriate case, the trial court may rely on its personal recollection.
Id. The trial court shall also make any other findings and conclusions that it deems relevant
and appropriate to the disposition of applicant's claim for habeas corpus relief.

 If the trial court elects to hold a hearing, it shall determine whether applicant is
indigent. If applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: August 24, 2011

Do not publish