IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



                                                             NO. WR-79,731-01
                                                             NO. WR-79,731-02 
                                                             NO. WR-79,731-03




EX PARTE FELIX D. ZAVALA, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 11-DCR-056366-HC-1, 11-DCR-056381-HC-1, AND 11-DCR-056382-HC-1
IN THE 268TH DISTRICT COURT FROM FORT BEND COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three felony
offenses and sentenced to incarceration in the penitentiary. The Fourteenth Court of Appeals
affirmed the convictions. Zavala v. State, Nos. 14-11-00962-CR, 14-11-00963-CR, and 14-11-00964-CR (Tex.App.—Houston [14th Dist.] Jan. 17, 2013).
            In Applicant’s direct appeals, appellate counsel filed briefs pursuant to Anders v. State of
Cal., 386 U.S. 738, 744 (1967). He provided copies of the briefs to Applicant and informed him of
his right to file replies with the appellate court and to have access to the appellate record to assist
him. See id.; Heiskell v. State, 522 S.W.2d 477, 477 (Tex. Crim. App.1975). Applicant states that
he attempted to gain access to the appellate record, but it was never provided to him, so he requests
the opportunity to have access to the record and to file his replies using it. The State concedes that
relief should be granted, and the trial court recommends that this Court “order that Applicant be
given access to the Appellate record without cost (having previously been found indigent) and be
given a date certain by which to file his out-of-time pro se response to his counsel’s Ander’s brief.” 
            At the time the writ applications were filed on February 22, 2013, mandate on the direct
appeals had not yet issued. Because the convictions were not final, this Court lacks jurisdiction over
the writ applications. Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000). The writ
applications are therefore dismissed without prejudice. Mandate has since issued on April 19, 2013,
in each appeal, and Applicant may re-file his writ applications to invoke this Court’s jurisdiction.
 
Filed: July 24, 2013
Do not publish