Melvin JOHNSON, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–019–CR.

Court of Appeals of Texas,
Corpus Christi.

May 31, 1984.

Rehearing Denied June 28, 1984.

Thomas K. Robinson, Gonzales, for appellant.

Paul Finley, Asst. Dist. Atty., Gonzales, for appellee.

Before GONZALEZ, YOUNG and UTTER, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from an order revoking probation which presents the question of whether a defendant may be banished from

the county as a probationary condition. We hold that this condition is unreasonable, and therefore void. However, we affirm on the basis that the trial court did not abuse its discretion in revoking appellant's probation on another ground.

Appellant was convicted of unauthorized use of a vehicle and sentenced to six years confinement. After serving some time in the Texas Department of Corrections on "shock probation," imposition of the sentence was suspended, and defendant was placed on probation. Among the conditions was the requirement that appellant:

1. Commit no offense against the laws of this or any State or the United States.

4. Report as directed to the Adult Probation Department, _____ County at _____.

5. Report to the Probation Office in person, once each month beginning __10-3-83__, and on the __3rd__ of each month thereafter.

10. Remain within the limits of _____ County, Texas unless given permission to leave therefrom by the probation officer. Do not leave Texas unless granted permission by the Presiding Judge.

24. Subject is to remain and reside outside Gonzales County.

Thereafter, the State filed a motion to revoke probation alleging that appellant had violated Condition Number 1 "in that on or about November 16, 1983, he did intentionally and knowingly enter and remain on property without the effective consent of Bill Storey, the owner, the said Melvin Johnson having notice the entry was forbidden in Gonzales County, Texas," and Condition Number 24 "in that on or about October 5, 1983, October 26, 1983 and November 3, 1983, Melvin Johnson was observed in the City of Gonzales, Texas."

At the hearing on the motion to revoke probation, three witnesses testified that they had seen appellant in Gonzales on the above mentioned dates and had reported this fact to the probation officer.

Officer Thomas Conley testified that he was dispatched to investigate a disturbance on the night of November 16, 1983. When he arrived at the location in question, the crowd dispersed. The officer saw a subject running and someone said "That's him. There he goes. He is going up the alley." The officer searched the area and found appellant on the roof of an old building. Appellant was then arrested on an outstanding probation violation warrant that had been issued on October 25, 1983, on the basis that "Subject has been seen in Gonzales County on three separate occasions during the month of October."

An owner of the building testified that he had not given appellant permission to be on the building.

The probation officer testified in part:

Q. (Defense Attorney) Was he supposed to leave the county that day?

A. Yes.

Q. The day he was convicted?

A. Yes.

Q. Did anyone tell him that?

A. I told him he was to reside and remain outside Gonzales County. He was not to return for any reason. He asked about his family. I said they would have to go and see him, he was not to come back in the county for any reason at all.

Q. No one told him when to leave, though?

A. He was to leave that day. He was not given any time limit to stay.

Q. But did anybody tell him to leave?

A. I told him to leave.

THE COURT: Mr. Robinson, I believe the record will reflect that this Court told him that day he was to leave.

The probation officer further testified that they were going to transfer supervision to some other county whenever appellant notified them of his new residence.

Appellant testified that when he was placed on probation he was unemployed. He testified further that he went to Victoria, Cuero, Luling, and Yoakum looking for a job and a place to stay; that he did not have any money, except that which his mother gave him; that he was just passing

through Gonzales and stopped to get some coffee on one of the times he was seen in Gonzales; and that on one other occasion he had come to town to see his probation officer. He denied being in Gonzales on the other occasion.

After the hearing, the trial court found that appellant had violated the 1st and 24th Conditions as alleged in the State's petition. The court then revoked appellant's probation and sentenced him to six years to serve.

■ Trial judges must incorporate in the order granting probation the conditions upon which the accused is given probation, so that the accused and the authorities may know with certainty what those conditions are. *Stover v. State*, 365 S.W.2d 808, 809 (Tex.Crim.App.1963). The conditions of probation should be clear, explicit, and unambiguous, so that the probationer understands what is expected of him. *Flores v. State*, 513 S.W.2d 66 (Tex.Crim.App.1974); *McDonald v. State*, 442 S.W.2d 386 (Tex.Crim.App.1969). Furthermore, the court cannot delegate the fixing of such conditions to the probation officer or anyone else. *McDonald v. State*, 442 S.W.2d at 387.

■ In a felony case, a trial court in a judge tried case has wide discretion in selecting the terms and conditions of probation. He is not limited to probationary conditions set forth in Tex.Code Crim.Proc. Ann. art. 42.12 § 6 (Vernon Supp.1984). *Chacon v. State*, 558 S.W.2d 874 (Tex.Crim.App.1977).

■ However, the probationary conditions must be reasonable, that is to say that they must have a reasonable relationship to the treatment of the accused and the protection of the public. *See Tamez v. State*, 534 S.W.2d 686, 691 (Tex.Crim.App. 1976). In this connection, ABA Standards, Probation, § 3.2(b) (1970) provides:

Conditions imposed by the court should be designed to assist the probationer in leading a law-abiding life. *They should be reasonably related to his rehabilitation and not unduly restrictive of his liberty* or incompatible with his freedom of religion. They should not be so vague or ambiguous as to give no real guidance. (emphasis added)

Furthermore, Tex.Code Crim.Proc.Ann. art. 42.12 § 3 (Vernon 1979), provides that "Any such person placed on probation ... shall be under the *supervision* of such court." The code also provides that the probation officer "... *supervise* defendants placed on probation." Tex.Code Crim. Proc.Ann. art. 42.12 § 2 e (Vernon Supp. 1984). Supervision implies guidance, watching over, overseeing.

## BANISHMENT FROM COUNTY CONDITION

■ In the first ground of error, appellant contends that Condition Number 24 is unreasonable because requiring appellant to get out of the county does not have any relationship to appellant's reformation or rehabilitation. It is clear from the record that appellant was a resident of Gonzales County, and that he knew he was ordered to get out of town. However, banishing appellant from the county, particularly when he is broke and unemployed is not reasonably related to his rehabilitation, and unduly restricts his liberty. See *People v. Blakeman*, 170 Cal.App.2d 596, 339 P.2d 202 (1959). The State of Georgia apparently does permit one political subdivision to dump persons it considers undesirable upon another. *Wilson v. State*, 151 Ga.App. 501, 260 S.E.2d 527, 530–31 (1979). We hold that the trial court abused its discretion in revoking appellant's probation on Condition Number 24. Appellant's first ground of error is sustained.

## CRIMINAL TRESPASS

In the second ground of error, appellant challenges the sufficiency of the evidence to show a criminal trespass, particularly that the State failed to show that appellant had notice that any entry into the area was forbidden.

■ The record shows that there was a fence around the back of the building upon

which appellant was found. Tex.Penal Code Ann. § 30.05(b)(2)(B) (Vernon Supp. 1984), provides: "Notice means: fencing or other enclosure obviously designed to exclude intruders..." The evidence therefore is sufficient to prove criminal trespass.

Though appellant's flight was apparently out of fear of being caught in the county violating an unreasonable condition, and but for this condition he probably would not have run to hide on the roof, under no circumstances can we condone flight as a method of challenging a condition of probation. We hold that the trial court did not abuse its discretion in revoking the probation for this offense. Appellant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.