**Avery Owen DeGAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–226–CR.**

Court of Appeals of Texas, Beaumont.

June 4, 1986.

Rehearing Denied June 11, 1986.

Dennie Powell, Dugas & Powell, Orange, for appellant.

Stephen C. Howard, Co. Atty., Orange, David Bosserman, Asst. Co. Atty., for appellee.

## OPINION

BROOKSHIRE, Justice.

Appeal from a revocation of probation proceedings. The Appellant had pleaded guilty to a felony theft charge on May 22, 1985, and was assessed punishment at 6 years confinement in the state penitentiary. The confinement sentence was then probated for 6 years, on certain terms and conditions. The motion to revoke probation was filed on July 12, 1985.

Condition (n) was to "[r]emain under custodial supervision in a community-based facility, namely: Jefferson Co. Restitution Center. Obey all rules and regulations of such facility *and* pay a percentage of his income, $7.00 per day to the facility for room and board. Probationer is to remain in such facility for (12) [months]." (Emphasis added)

In the order of revocation we find:

"... [T]he Court is of the opinion that the Defendant, AVERY DEGAY, violated the terms and conditions of his probation in this respect:

"[C]ondition (n) the defendant, Avery Degay violated the following rules of the Jefferson County Restitution Center: 'Prohibited act #116, refusing to obey an order of any staff member', by failing to turn over his entire check to the Director of the Jefferson County Restitution Center on July 5, 1985...."

The " 'Prohibited act #116, refusing to obey an order of any staff member', by failing to turn over his entire check to the Director of Jefferson County Restitution Center" is the sole ground in the order of the court for revoking probation. We are constrained to affirm.

■ Appellant voluntarily testified in his own behalf. On direct examination, he admitted that he did not deliver his wage check for July 5, 1985. He had been ordered to do so by the Director of the Jefferson County Restitution Center, or by one of the staff members of the center. Hence, Appellant did not obey all of the rules and regulations of the facility, having refused to follow an order of a staff member of the center.

■ The district judge was empowered to commit Appellant to the Restitution Center. *TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 6e(a)* (Vernon Supp.1986). We conclude that requiring Degay to obey the rules and regulations of the facility was not an improper delegation of authority to the Restitution Center to specify the terms and conditions of probation. Nor was such authorization an impermissible delegation of judicial power. *Salmons v. State,* 571 S.W.2d 29 (Tex.Crim.App.1978).

Since DeGay testified in court to a violation, the trial bench was presented with sufficient evidence to revoke probation. *Moore v. State,* 605 S.W.2d 924 (Tex.Crim. App.1980). We cannot hold that the trial bench abused its discretion.

AFFIRMED.

DIES, Chief Justice, dissenting.

With respect, I dissent. There is no question, as the majority opinion states, that the Adult Protection Law, *TEX.CODE*

CRIM.PROC.ANN. art. 42.12, sec. 6(a) provides that a condition of probation *may include,*

"(12) Remain under custodial supervision in a community-based facility, obey all rules and regulations of such facility, and pay a percentage of his income to the facility for room and board;"

And, in *Sec. 6(b),*

"If the court grants probation to a defendant and requires the defendant to serve a probationary term in a restitution center, the court shall require as a condition of probation that the defendant secure employment *and obey all rules and regulations of the center.*" (emphasis added)

But, what did the Legislature mean by "all rules and regulations", etc.? Does that include those which have no relation to rehabilitation, even unreasonable and silly rules? I think not.

A present member of the Texas Supreme Court wrote in *Johnson v. State,* 672 S.W.2d 621, 623 (Tex.App.—Corpus Christi 1984, no pet.):

"However, the probationary conditions must be reasonable, that is to say that they must have a reasonable *relationship to the treatment of the accused and the protection of the public.* [emphasis ours] *See Tamez v. State,* 534 S.W.2d 686, 691 (Tex.Crim.App.1976). In this connection, ABA Standards, Probation, sec. 3.2(b) (1970) provides:

"Conditions imposed by the court should be designed to assist the probationer in leading a law-abiding life. *They should be reasonably related to his rehabilitation and not unduly restrictive of his liberty* or incompatible with his freedom or religion. They should not be so vague or ambiguous as to give no real guidance. (emphasis added)"

Remember, at the time this man's probation was revoked he was paying to the Restitution Center over $200 per month, employed, and supporting his family. What on earth was to be accomplished by requiring him to turn over his entire pay-check to a bureaucrat, and why should he be incarcerated six years for failing to do so. Even if he had failed to make the payments decreed by the court, which he never did, the State would have to show such failure was willful. *See Aranda v. State,* 684 S.W.2d 794, 799 (Tex.App.—Fort Worth 1985, pet. ref'd).

This man was obeying to the letter the court's order requiring payment to the Restitution Center. The record is unclear why the latter decided later on that he must turn over his entire check to it. If there is a good reason for doing so, the court could modify its order rather than send him to incarceration. *Flournoy v. State,* 589 S.W.2d 705 (Tex.Crim.App.1979). Personally, I can think of no reason why he should have to turn over his entire check to the Restitution Center as long as he was making his payments as the court ordered. Appellant is entitled to due process of law. *Caddell v. State,* 605 S.W.2d 275, 277 (Tex. Crim.App.1980). I would hold the trial court abused its discretion.