In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-01051-CR

____________


MARK ALLEN KEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 155th District Court

Waller County, Texas

Trial Court Cause No. 10462






O P I N I O N

 A jury found appellant guilty of sexual assault, a second degree felony, and assessed
punishment at ten years in prison, but further recommended that appellant be placed on
community supervision for seven years. In three issues presented for our review, appellant
argues that the trial court abused its discretion in assessing a condition of community
supervision and that the evidence was legally and factually insufficient to support his
conviction. We affirm.

Background


 V.L., the complainant, testified that she was involved in an auto accident which
resulted in spinal complications. Three months after the accident, V.L. met appellant, Mark
Key, at her place of employment. Two months later, appellant asked V.L. to marry him, and
she agreed. As a result of the auto accident, V.L. scheduled outpatient surgery, and appellant
drove her to the hospital and waited to take her to his house to recover. V.L. was in so much
pain that the slightest movement was very painful to her.

 V.L. ended the relationship with appellant two days after her surgery. In response to
the breakup, appellant constantly called V.L., sent cards and flowers, and stopped by her
work uninvited. V.L. never gave appellant any encouragement to try to continue the
relationship.

 V.L.'s surgery did not alleviate her pain and she had to undergo a more extensive
second surgery. The night before her second surgery, appellant offered to take her to the
hospital, but V.L. refused. After the surgery, V.L. woke up and realized that appellant had
shown up at her home uninvited. V.L. asked him not to touch or move her because she was
in extreme pain. V.L. asked her neighbor, Tammy Pepper, who was helping V.L. while she
recovered, not to leave until appellant left because she did not want to be alone with him.

 V.L. was taking prescribed pain medications that made her drowsy and sleepy. V.L.'s
neighbors testified about her apparent physical condition during the time appellant was
present. Tammy Pepper, who was taking care of V.L. testified that, hours after the surgery,
V.L. still seemed pretty groggy and drugged. She also testified that, minutes after she got to
V.L.'s home to help, appellant walked in and sat on the couch where V.L. was sleeping. 
Whitney Pepper, who took care of V.L. after Tammy Pepper left, testified that V.L. was
completely incoherent during the whole time she was there. Whitney Pepper testified that
V.L.'s groggy condition had not improved because she had taken more medication. Whitney
Pepper also testified that she did not leave V.L.'s house until some time after appellant had
left.

 Appellant left some time while V.L. was asleep, but returned later after V.L.'s
neighbor had left. V.L., who was still sedated by the pain medication, remembers opening
the door for appellant and falling back to sleep. Sometime after appellant's arrival, V.L. took
more medication and remembers getting into the bathtub as suggested by appellant. V.L.
believes she fell asleep in the bathtub because she only remembers waking up in bed with
incredible pain and the dry heaves. Appellant was in bed with her, and she asked appellant
why he had no clothes on. He responded that she didn't have any underwear on either and
told her that they had "made love."

 Although V.L. did not remember engaging in sexual intercourse with appellant, she
filed a report with the Waller County Sheriff's Department and submitted to a sexual assault
exam. After talking with V.L., Waller County Sheriff's Lieutenant Kremmer spoke with
appellant, who signed a written statement admitting to having had sexual intercourse with
V.L. after her second surgery. Appellant claimed, in his statement, that V.L. consented to
the intercourse.

 John Harle, a pharmacist, opined that it was not uncommon for a person injected with
anesthesia and Benadryl, as V.L. had been, to take longer to come out of the anesthesia. 
Also, Harle stated that it was not uncommon for a person not to remember anything after
being anesthetized and taking the medications V.L. had taken. Harle also stated that it would
be believable for a person to remember very little of the next 24 hours after having taken the
medications. He also agreed that it was believable for a person to have had sexual
intercourse under these conditions and not remember it. 

Discussion


Legal and Factual Sufficiency

 In his first and second issues, appellant argues that the evidence was legally and
factually insufficient to prove lack of consent.

 In reviewing the evidence on legal sufficiency grounds, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). In reviewing the evidence on factual sufficiency
grounds, we ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Id. at 563. We must avoid substituting our judgment for that
of the fact finder. Id.

 A person commits an offense of sexual assault if the person intentionally or knowingly
causes the penetration of the female sexual organ of another person by any means, without
that person's consent. Tex. Pen. Code Ann. § 22.011(a)(1)(A) (Vernon 1994). Such assault
is without the other person's consent if: (1) the actor knows the other person is unconscious
or physically unable to resist; or (2) the actor knows the other person is unaware the sexual
assault is occurring. § 22.011(b)(3), (5).

 The record shows that the relationship between V.L. and appellant had ended and that
appellant went to V.L.'s home uninvited. It is clear from V.L. and the Peppers' testimony
that appellant was aware that V.L. was disoriented and sleepy. Harle's testimony supported
V.L.'s account that it was possible not to have recollection of the events during and after her
bath.

 We find, after reviewing the evidence in the light most favorable to the verdict, a
rational trier of fact could have found that appellant knew V.L. was physically unable to
resist or unaware the sexual assault was occurring. Furthermore, we find that the evidence
was not so weak as to undermine confidence in the jury's determination nor was it greatly
outweighed by contrary proof. See King, 29 S.W.3d at 563. We overrule appellant's first
two issues.



Condition of Community Supervision 

 Appellant argues in his third issue that the trial court abused its discretion by
"banishing" him from the county of conviction as a condition of his community supervision,
which had been transferred to Harris County. The condition appellant complains of states:
"Do not enter Waller County without the written consent of both the Harris County C.S.C.D.
and a community supervision officer from Waller County. The complainant [sic], Vicki
V.L., shall be notified if such permission is given." This condition is not a banishment, but
rather a requirement that he have the consent of his Harris County Community Supervision
Officer before leaving Harris County and going into Waller County, which is a standard
condition of community supervision. (1) Nor does the additional requirement that he also
obtain the permission of a Waller County Community Supervision Officer make the
condition a banishment. Appellant's need to request permission to either leave Harris County
or enter Waller County is a reasonable manner of providing notice to V.L. through the
Community Supervision Officer. Cf. Johnson v. State, 672 S.W.2d 621, 623 (Tex.
App.--Corpus Christi 1984, no pet.) (holding that requiring appellant to stay out of his
county of residence did not have any relationship to his reformation or rehabilitation). We
overrule appellant's third issue.




Conclusion

 We affirm the judgment of the trial court.


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings and Radack.

Do not publish. Tex. R. App. P. 47.
1. "...Do not leave Harris County without permission of Community Supervision 
Officer or the Court," is contained in condition "I" of appellant's community
supervision.