NUMBER 13-03-678-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
JESUS GUZMAN,                                                                        Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 117th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion by Justice Garza
 
Pursuant to a plea agreement, appellant, Jesus Guzman, pleaded guilty to
indecency with a child, was granted deferred adjudication for a period of ten years, and
was placed on community supervision. Appellant subsequently pleaded true to alleged
violations of the terms of his community supervision, had his supervision revoked, was
adjudicated guilty of the underlying offense, and was sentenced to five years’
imprisonment. Appellant now appeals by two issues, arguing that the trial court abused
its discretion (1) by accepting his plea of true to violations of his community supervision
even though he maintained that he was innocent of the underlying offense and (2) in
determining that he violated his community supervision in the absence of a written
judgment or order stating the terms of his community supervision or other evidence to
prove that he was provided a copy of the terms. 
In this case, no appeal was taken within thirty days of the order granting deferred
adjudication; instead, the instant appeal was filed after the trial court revoked community
supervision and adjudicated appellant’s guilt. Appellant’s claim of actual innocence may
not be raised in the instant appeal because it challenges his plea of guilty to the underlying
offense and thus relates to the original plea proceeding. See Manuel v. State, 994 S.W.2d
658, 661–62 (Tex. Crim. App. 1999). We therefore dismiss appellant’s first issue. 
In his second issue, appellant argues that the trial court abused its discretion by
revoking his community supervision because the order deferring adjudication and placing
him on supervision did not state the terms of the supervision and because the State failed
to present any evidence that appellant was provided a copy of the terms prior to the
occurrence of the alleged violations. As the court of criminal appeals has explained, “It is
incumbent upon a trial judge to incorporate in his order granting probation the conditions
upon which the accused is probated, so that the accused and the authorities may know
with certainty what those conditions are.” Stover v. State, 365 S.W.2d 808, 809 (Tex.
Crim. App. 1963); see also Johnson v. State, 672 S.W.2d 621, 623 (Tex. Crim. App. 1984). 
The court has further stated that the trial judge cannot delegate the fixing of such
conditions to the probation officer or anyone else. McDonald v. State, 442 S.W.2d 386, 387
(Tex. Crim. App. 1969); see also DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App.
1987) (en banc). 
The State contends that the trial court’s error in failing to list the terms of supervision
in its order cannot be reviewed on appeal from the revocation of supervision and
adjudication of guilt because it amounts to an error in the adjudication of guilt process. In
Connolly v. State, 983 S.W.2d 738, 740 (Tex. Crim. App. 1999), a case relied upon by the
State, the court of criminal appeals reaffirmed that the trial court’s decision to proceed with
an adjudication of guilt is one of absolute discretion and cannot be reviewed. See also
Williams v. State, 592 S.W.2d 931, 932–33 (Tex. Crim. App. 1979). As we understand
appellant’s second issue, though, it is not challenging the trial court’s decision to adjudicate
guilt but rather the trial court’s decision to revoke community supervision. 
Upon holding a revocation hearing, the trial court has discretion to either continue
or revoke community supervision. Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App.
1976). Notwithstanding the trial court’s discretion in this matter, supervision should not be
arbitrarily withdrawn, and the trial court is not authorized to revoke without having a hearing
and finding that the defendant has violated a condition of his supervision. Id. The burden
of proof to show a violation is on the State. Id. A defendant may appeal the trial court’s
decision to revoke community supervision. See Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984) (en banc). 
The central issue to be determined in reviewing a trial court’s exercise of discretion
in a revocation case is whether the defendant was afforded due process of law. DeGay,
741 S.W.2d at 450. Appellant maintains that he was not afforded due process because
he was not given adequate notice of the conditions of his supervision; however, he does
not allege ignorance of the conditions. The record shows that the trial court informed
appellant, on the record, that his supervision would be revoked if he committed any
criminal offenses. The record also shows that appellant said he understood this term. At
the hearing on the State’s motion to revoke supervision, appellant made no objections
based on lack of notice but instead pleaded true to the allegations that he violated the
terms of his supervision by, among other things, committing robbery and evading arrest. 
Based on this record, we cannot conclude that appellant was not afforded due process of
law. Accordingly, appellant’s second issue is overruled, and the judgment of the trial court
is affirmed.  
 
                                                                           _______________________
DORI CONTRERAS GARZA,
                                                                           Justice
 
 
Concurring memorandum opinion
by Justice Errlinda Castillo.
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 9th day of June, 2005.