# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 25, 2014

## EDWARD PORRECA v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 1201529     W. Mark Ward, Judge**

---

**No. W2013-02443-CCA-R3-PC  - Filed January 8, 2015**

---

Petitioner, Edward Porecca, filed, through counsel, a "Petition for Relief from Conviction and Sentence" attacking his conviction for rape.  He specifically alleged that the petition was instituted pursuant to T.C.A. § 40-30-[102] (for post-conviction relief) and pursuant to T.C.A. § 40-35-308 (for modification, removal, or release from a condition of probation). The twenty-four (24) page petition, plus exhibits, generally alleged that he was entitled to relief under T.C.A. § 40-30-308 because an "exile from Tennessee" condition of his probation is unconstitutional and therefore should be removed.  As to grounds for post-conviction relief, Petitioner asserted that his trial counsel rendered ineffective assistance of counsel and his guilty plea was not knowingly and voluntarily entered.  After an evidentiary hearing the trial court denied relief and dismissed the petition.  On appeal, Petitioner has abandoned his claim for post-conviction relief by not presenting that as an issue on appeal. As to the claim that Petitioner is entitled to statutory relief pursuant to T.C.A. § 40-35-308, we conclude that Petitioner is not entitled to relief.  Petitioner has failed to show in this record that an "exile from Tennessee" condition exists. Accordingly, we affirm the judgment of the trial court.

**Tenn.R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Robert L. Sirianni, Jr., Winter Park, Florida, for the appellant, Edward Porreca.

Herbert H. Slatery, III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Amy P. Weirich, District Attorney General; Megan King and Jennifer Nichols, Assistant District Attorneys General, for the appellee, the State of Tennessee.

## OPINION

In his appellate brief on page 1, Petitioner asserts that the "Statement of the Issue Presented" is as follows:

> When an unconstitutional condition of probation is attached to a plea agreement and becomes a central point of consideration in the negotiation between the parties, does that agreement remain valid when the parties failed to determine the legality of the unconstitutional and unreasonable condition of probation?

In the argument section of his brief, Petitioner provides more specificity as to the issue(s) raised on appeal by dividing the argument into two sections set forth as follows:

**I.    THE PLEA AGREEMENT IS UNENFORCEABLE BECAUSE IT IS CONTRARY TO PUBLIC POLICY AND BASED PRIMARILY ON AN UNCONSTITUTIONAL CONDITION OF PROBATION**

**II.    THE SPECIAL CONDITION IMPOSED ON PETITIONER-APPELLANT REQUIRING HIM TO LEAVE THE STATE FAILS TO SERVE THE PRIMARY PURPOSE OF REHABILITATION AND IS UNCONSTITUTIONAL EXILE**

The state argues that Issue I as it relates to "public policy" is waived on appeal because Petitioner did not present in the trial court any argument that the challenged "exile" condition of probation violated public policy. We agree. *See Tommy Lee Clark v. State*, No. W2009-01613-CCA-R3-PC, 2010 WL 1610532 at *2-3 (Tenn. Crim. App. Apr. 21, 2010) (Because the petitioner's issues on appeal involved completely new and different allegations from those contained in his *pro se* or amended petitions, the issues were waived). *See also State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001) (Appellant is bound by the evidentiary theory set forth at trial and may not change theories on appeal.); Tenn. R. App. P. 36(a).

Accordingly, we will not address Petitioner's argument that the special condition of probation violates public policy because that issue is waived. Thus, we do *not* hold in this case that a special condition of "exile" does violate the public policy of Tennessee or that a special condition of "exile" does not violate the public policy of Tennessee.

We will address Petitioner's second sub-issue, that the "exile from Tennessee" condition of probation in his case is unconstitutional and that the special condition "fails to serve the primary purpose of rehabilitation." The "unconstitutional" assertion in Issue I is included in Issue II. We will confine our summary of the facts to the evidence related to this issue.

## I. Background

Petitioner was charged by the Shelby County Grand Jury with rape. Subsequently, Petitioner entered into a negotiated plea agreement with the State wherein he pled guilty as charged and received a sentence of eight years. Pursuant to the plea agreement the sentence was ordered to be served on split-confinement pursuant to T.C.A. § 40-35-306(a), comprised of one year of incarceration in the Shelby County workhouse followed by seven years of probation. The only additional "special conditions" listed in the judgment of conviction was that Petitioner would be on community supervision for life and would have to register with the sex offender registry. The probation order specified that the only "special conditions" of probation were:

- immediately upon release make arrangements to move to New York and transfer probation

- Sex Offender Registry & Community Supervision for Life

The "special conditions" in the probation order were handwritten and we have quoted them verbatim. The words "exile" or "banishment" from Tennessee are not mentioned in the judgment of conviction or the probation order. There is no other language in either document which could be interpreted that as a special condition for probation, Petitioner could not return to Tennessee.

Likewise, a review of the transcript of the guilty plea hearing reveals that *mandatory* "banishment" or "exile" from Tennessee, or other such wording is not mentioned. Furthermore, neither the petition to accept guilty plea nor the order granting the petition to accept guilty plea mentions any conditions of probation other than seven years of probation following one year of incarceration.

From our review of the appellate record before us, the first time that "exile from Tennessee" is alluded to as a special condition of probation is in Petitioner's "Petition for Relief from Conviction and Sentence." The disposition of that pleading is the subject of this appeal. The petition was filed July 31, 2013, almost a year after the negotiated guilty plea was entered on August 3, 2012.

## II. Post-Conviction Hearing

At the post-conviction hearing, trial counsel testified as follows concerning the condition of probation that required Petitioner to move to New York and transfer his probation to New York:

> When we were having those negotiations, me and [the Prosecutor], about what would be an appropriate settlement, [Petitioner] came to me and said would it help if I offered to move in with my brother to New York? I immediately said, yeah, I got a feeling that would help a lot. Okay, well talk to her about that. So I went and met with [the Prosecutor] and said how would it [affect] our negotiations if he was willing to move? And she also immediately said I think that would help us negotiate this case. I think that we could work that into a probation condition.
>
> The way it came about, the offer that is, the day that we met and talked about and finalized what the offer might be, she said that she wasn't prepared to reduce the case to, quite frankly, you know the natural leap would be sexual battery or something like that, she wasn't willing to go that far. She said, so she looked at me and said, well what about pleading as charged and getting probation? And I said rape carries probation. She goes, well I'm not talking about full probation but certainly some combination of the two. She said what is the most jail time you can do and still get probation? And I said, I think with my understanding of the law you can get up to a year in jail and then get the rest of it probated. She said and that is my offer.
>
> And she said, you go do the research and you make sure that that's still appropriate, that you can do it that way, and my offer will be eight years, with one year in jail, seven years probation as a condition of his probation, the part of the probation, that he would move to New York with his brother.

Trial counsel testified that it was Petitioner's idea to move in with his brother. He did not recall Petitioner asking that his charge be reduced to a misdemeanor in exchange for his move to New York. Trial counsel noted that the word "exile" was never used. Trial counsel said, "It was an agreement that part of his probation would be that he would move out of state."

Trial counsel testified that during plea negotiations, Petitioner asked what would happen if the job that Petitioner's brother was going to obtain for Petitioner became unavailable. Trial counsel then told Petitioner, "well then find somewhere else you want to go that's out of state. If you want to go live with your sister or you want to go live somewhere else, find it and I'll tell [the Prosecutor] so that before the plea is executed we know where you want to go."

Trial counsel noted that he felt comfortable that Petitioner's probation conditions could be altered to another state. He said that part of the plea was that Petitioner leave Tennessee. Trial counsel also noted that Petitioner could not be held in violation of his probation if New York did not accept Petitioner into its probation program.

Michelle Hill, an employee with the Tennessee Board of Probation and Parole, testified that the probation order read: "Immediately upon release make arrangements to move to New York and transfer probation." She completed a transfer request to have Petitioner's case transferred to the State of New York. Ms. Hill testified that Petitioner never indicated that he had any trouble with going to New York. She said that approval of Petitioner's transfer request was received from the State of New York on September 16, 2013. Ms. Hill testified that Petitioner was required to report immediately upon release to "Rochester Metro Area Office, 350 South Avenue, Rochester, New York." Ms. Hill indicated that Petitioner could go to another state even though the probation order specifically provided for New York. She said that it "would be a problem" if Petitioner decided not to move.

Concerning the terms of his plea agreement, Petitioner testified:

[Trial counsel] told me that that [sic] the prosecutor was willing to plea bargain in the case and go down to a probatable offense and I offered to if they would go down to a misdemeanor that I was offered to get a work [sic], you know, an opportunity to work letter from my brother in New York to move up there.

Petitioner testified that there was nothing special about New York and that he would like to live in other states.

Petitioner claimed that he was under the assumption that his offer to move would be "used for a plea down to a misdemeanor offense in good faith and then I would just go on, move on my way and that would, you know, there wouldn't - - wouldn't be in the town with anybody and just go on." Petitioner clarified that he gave trial counsel a letter from his brother because he was hoping to plead to a misdemeanor. He admitted that on the day of

the guilty plea he knew that he was pleading guilty to a felony. Petitioner testified that trial counsel had told him that he would be required to leave Memphis but that he could possibly remain in Tennessee.

When asked if he would have accepted the plea agreement if he had been "exiled from the state," Petitioner replied: "I, I - - I felt if I had more aggressive counsel and adequate counsel I would have fought this case." He said that he would have gone to trial. Petitioner testified that on the day he entered the guilty plea, he knew that leaving Tennessee was part of his plea agreement. He claimed that he was confused about that provision of the agreement because prior to the guilty plea hearing, he thought that he would only be required to leave Memphis. Petitioner testified that he would not have agreed to plead guilty if he had known that he would be "permanently exiled from the state of Tennessee[.]"

At the conclusion of the post-conviction hearing, the trial court noted that Petitioner had "zero credibility" with the court. The trial court held that Petitioner had not met his burden of proof to set aside his guilty plea and that Petitioner failed to show that the condition of the guilty plea requiring Petitioner move to New York was unconstitutional. The trial court noted that it was willing to consider a modification of the condition in a separate hearing, but only to change the state to which Petitioner could transfer his probation from Tennessee
.

## III. Analysis

As stated above there is absolutely no provision in the judgment or in the order setting forth the conditions of probation that Petitioner is "exiled" from Tennessee or otherwise banned from this state during the period that his sentence is served on probation. The inclusion of that condition, if intended by the parties, could be ordered by this Court to be added in an amended judgment or order if that condition had been specifically mentioned and imposed during the guilty plea hearing in open court. *State v. Crowe*, 168 S.W.3d 731, 735 n. 1 (Tenn. 2005) (When there is a conflict between the judgments of conviction and the transcript of the proceedings, the transcript controls). However, we will not apply this rule to court proceedings held after the guilty plea hearing. In other words, it appears from the record before us that if the parties intended that a "banishment" or "exile" from Tennessee should have been included in the conditions of probation, this condition should have been clearly set forth in the order of probation, the judgment, or specifically stated at the time Petitioner entered his guilty plea. Fault for any oversight must lie with the State. It is the responsibility of the district attorney general to "complete and file" the judgment document. T.C.A. § 40-35-209(e)(1). The probation order was signed by the trial court and by Petitioner, but was not signed by the prosecutor. As to leaving the State of Tennessee as a "special condition" of probation, the only written statement on that subject, in its entirety, is

that "immediately upon release make arrangements to move to New York and transfer probation." There is no explicit, or even implicit, requirement that Petitioner is banned from ever returning to Tennessee during the time he is on probation. During the opening remarks of the guilty plea hearing, the prosecutor set forth the terms of the negotiated plea agreement as follows:

| [Prosecutor]: | He's pleading guilty to the charged offense and the State's recommendation is that he serve one year at a hundred percent, probation for the remainder. That his probation be transferred to New York upon his release where he has employment with a family member waiting on him. He'll be on the sex offender registry for life, community supervision for life. And for the record, that offer was made with the victim's consent and her family's consent. |
|---|---|

Other excerpts from the guilty plea transcript show that a mandatory "exile" or "banishment" from Tennessee was not contemplated by, or presented to, the trial court during the guilty plea hearing.

| [THE COURT]: | Now is this a - - now this is a Memphis, Tennessee, address; right? |
|---|---|
| [PETITIONER]: | Yes, sir. |
| [THE COURT]: | I heard something about you going to New York? |
| [PETITIONER]: | I don't have an address at New York yet. |
| [THE COURT]: | Well you have any relative or somebody that the probation officer can call and say, hey, do you know where this Mr. Porreca is? |
| [PETITIONER]: | I do have an address that I could put on there for New York, but it's my brother's. |
| [THE COURT]: | Well, write [your] brother's address and his phone number or contact, whatever, so the |

probation officer at least [will] have a chance to find you.

[PETITIONER]: (Defendant complies.)

\* \* \*

[THE COURT]: Do you understand you enter this guilty plea today there will be no trial, there's not going to be any sentencing hearing because you've agreed to the sentence and there's not going to be an appeal in this matter. It's going to end it with you going on serving this year and having seven years of probation. Is that your understanding?

[PETITIONER]: Yes, sir.

[THE COURT]: Now, as I mentioned before, it carries between eight and twelve years for a range one offender but this is a violent offense. So if you - - it's to be served at a hundred percent and then if your revocation of your probation, do you understand that?

[PETITIONER]: Yes, sir.

[THE COURT]: You also understand that you're going to have to be on community supervision for life as a result of this?

[PETITIONER]: Yes, sir.

[THE COURT]: You're also going to be on a sexual offender registry as a result of this?

[PETITIONER]: Yes, sir.

| | |
|---|---|
| [THE COURT]: | Do you understand that? And you're still willing to enter this guilty plea in spite of all that? |
| [PETITIONER]: | Yes, sir. |
| [THE COURT]: | All right. Did you sign this document here, it's entitled petition for waiver of trial by jury and request for acceptance of plea of guilty? |
| [PETITIONER]: | Yes, sir. |
| [THE COURT]: | And that document contains all those rights that we talked about; is that correct? |
| [PETITIONER]: | Yes, sir. |
| [THE COURT]: | And did you feel like you understood them when you read that document? |
| [PETITIONER]: | Yes, sir. |
| [THE COURT]: | All right. Are you entering this guilty plea of your own free will? |
| [PETITIONER]: | Yes, sir. |
| [THE COURT]: | Anybody forcing you in any way? |
| [PETITIONER]: | No, sir. |
| [THE COURT]: | Well, I want you, just to make sure you understand what's going on, I want you to tell me what are you pleading guilty to. |
| [PETITIONER]: | Rape. |
| [THE COURT]: | What's the sentence you're agreeing to? |

| | |
|---|---|
| [PETITIONER]: | Eight years, one year in jail and seven years probation. |
| [THE COURT]: | All right. |
| [PETITIONER]: | Community supervision and sex offender registry. |
| [THE COURT]: | All right. Do you have any questions about the terms of this plea bargain? |
| [PETITIONER]: | No, sir. |
| [THE COURT]: | Any questions about the legal rights you're giving up? |
| [PETITIONER]: | No, sir. |
| [THE COURT]: | All right, lawyers, do you have any questions? |
| [PROSECUTOR]: | No, sir. |
| [DEFENSE COUNSEL]: | None, your Honor. |
| [THE COURT]: | All right, you can step down. |

For some reason, the State, for the most part, addressed Petitioner's second issue on appeal as an assertion by Petitioner that he entered an unknowing or involuntary guilty plea. Specifically, at the beginning of its argument on this issue the State asserts in its brief:

> The petitioner argues that his guilty plea violated his constitutional right because a condition of his probation required the petitioner to move to New York. The issue before this Court, however, is whether the petitioner entered a knowing and voluntary guilty plea. He did so. The record reflects that the petitioner approached his counsel with the idea of moving to New York where his brother could procure a job for him upon his release from the workhouse. The petitioner voluntarily and knowingly entered a guilty plea wherein he agreed to move to New York to serve the entirety of his seven years of probation.

-10-

The State has attempted to alter Petitioner's issue for consideration by this Court. As we set forth above, Petitioner does not argue in this appeal that he is entitled to relief under post-conviction statutes. In the very last paragraph in its argument the State finally addresses the precise issue raised by Petitioner: that "exile" or "banishment" from Tennessee should be removed as a special condition of his probation because it is unconstitutional. The entire argument by the State on the precise issue addressed in this opinion is as follows:

> The petitioner has cited to cases from other jurisdictions in which courts found that banishment from a state or county was an improper condition of probation, but his reliance on those cases is misplaced. (Pet'r's Br. 14). Unlike the defendants in those cases, the petitioner in this case suggested that a condition of his probation should be that he would move to New York. By doing so, and by entering a guilty plea accepting that condition of probation, he waived the issue of whether his "banishment" from Tennessee was unconstitutional. *See Mackey*, 553 S.W.2d at 340 (holding that a Defendant waives several constitutional rights by entering a knowing and voluntary guilty plea). Because the Petitioner himself suggested transferring his probation to New York in order to facilitate plea negotiations with the State, the petitioner waived any due process or fundamental right to travel when he entered a knowing and voluntary guilty plea. The petitioner has failed to show that he is entitled to post-conviction relief.

The cases referred to by the State, and relied upon by Petitioner, are *State ex rel. Halverson v. Young*, 154 N.W.2d 699 (Minn. 1967), *Johnson v. State*, 672 S.W.2d 621 (Tex. App. 1984), and *McCreary v. State*, 582 So.2d 425 (Miss. 1991). Petitioner's reliance on these cases is not misplaced. Furthermore, the State's broad generalization that "unlike the defendants in those cases, [Petitioner] in this case suggested that a condition of his probation should be that he move [out of state]," is not entirely accurate. Even a cursory review of the facts in *State ex rel. Halverson v. Young* shows that the defendant in that case told the Minnesota trial judge, just prior to the guilty plea, that he [defendant] had been offered a job in Nevada, and if probation was granted the defendant would leave for Nevada the next day. *Id*., at 700. In fact, a pertinent portion of the guilty plea colloquy between the Minnesota trial court and the Defendant is set forth in the opinion:

THE COURT:  Are you prepared to tell me here in open court before witnesses, and something that's going to go on the record, that you are willing to leave Minnesota and never come back here?

-11-

THE DEFENDANT:    Yes, sir.

*Id.*

In *State ex rel. Halverson v. Young*, the Minnesota Supreme Court held,

> We must hold, however, that there was no authority to impose, as a
> condition of the stay, that defendant "remain out of the State of Minnesota."
> We are in accord with the great weight of American decisional law which
> holds that it is beyond the power of a court to impose banishment as a
> condition of probation.  The imposition of such a condition is a void and
> separable part of the judgment of conviction.  The condition is unauthorized
> by statute, is contrary to public policy, and is repugnant to the underlying
> policy of the probation law, which is to rehabilitate offenders without
> compromising the public safety.  50 Minn. L. Rv. 1146; 45 Minn. L. Rev.
> 814.

*Id.*, 154 N.W.2d at 702.

In *Johnson*, the defendant was banished from his home county in Texas as a special
condition of probation.  The Texas Court of Appeals held,

> However, banishing appellant from the county, particularly when he is
> broke and unemployed is not reasonably related to his rehabilitation, and
> unduly restricts his liberty.  See *People v. Blakeman*, 170 Ca. App. 2d 596,
> 339 P.2d 202 (1959).

*Id.*, 672 S.W.2d at 623.

In *McCreary*, the defendant was ordered to leave the sentencing state of Mississippi
and not return to Mississippi except for two designated weeks each year to exercise visitation
rights with his children during a period of diversionary probation for up to two years.  The
issue on appeal was whether the trial court erred by summarily dismissing the defendant's
petition for post-conviction relief.  The Mississippi Supreme Court held that the trial court
erred, and remanded the case to the trial court for a post-conviction hearing.  *Id.*, 582 So.2d
at 428.  Arguably in *dicta*, the supreme court of Mississippi set forth various factors to be
considered when addressing whether a "banishment" condition of probation should be
upheld.  *Id.*, 582 So.2d at 427-28.  In its conclusion, the court stated,

In considering the overall sentence, and the banishment provision in particular, we direct the circuit court's attention to the considerations just noted, and to our view that banishment from a large geographical area, especially outside of the State, struggles to serve any rehabilitative purpose, and implicates serious public policy questions against the dumping of convicts on another jurisdiction. *See U.S. v. Abushaar*, 761 F.2d at 959-60; *Rutherford v. Blankenship*, 468 F. Supp. 1357, 1360-61 (W.D.Va. 1979).

*Id*.

Notwithstanding the fact that Petitioner and the State agreed at the hearing on the modification petition that Petitioner is somehow "exiled" or "banished" from Tennessee while on probation, the record before us clearly shows that "exile" or "banishment" was not imposed by the trial court as a special condition of probation at the time of the guilty plea. Without such a special condition in the record at the time of the guilty plea, there is no condition of probation to remove under Petitioner's theory for relief *in this* proceeding. Petitioner, as noted above, did not request relief on appeal as to his claims for post-conviction relief.

We want to emphasize that our holding in this opinion is that Petitioner is not entitled to the relief he seeks (removal of an unconstitutional condition of probation) pursuant to T.C.A. § 40-35-308(a) because the record before us fails to establish that the objected to special condition of probation was properly imposed. There may or may not be other evidence that an "exile" or "banishment" special condition of probation was imposed. That issue, however, would more properly be resolved in an appeal from the trial court if and when the purported special condition of "exile" is used to affect Petitioner's ability to remain on probation.

Accordingly, the judgment of the trial court dismissing the "Petition for Relief from Conviction and Sentence" filed by Petitioner is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE